UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DUSTIN BECKER** | * | **CIVIL ACTION :** _____ |
| **VERSUS** | * | **JUDGE** _____ |
| **GULF OFFSHORE LOGISTICS, L.L.C.** | * | **MAGISTRATE** _____ |

## ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Complainant, **DUSTIN BECKER**, a person of the full age of majority and a resident of Thibodaux, Louisiana, who for his Original Complaint, respectfully represents:

1.

This cause of action arises pursuant to the Jones Act, 46 USCA § 688, *et seq*, and Admiralty and General Maritime Law found in 28 USCA § 1333, *et seq*.

2.

Made Defendant herein is:

1) **GULF OFFSHORE LOGISTICS, L.L.C. ("GOL"),** a domestic limited liability company domiciled in Raceland, Louisiana, that may be served through its registered agent, Todd P. Danos, 4535 Highway308, Raceland, Louisiana 70394.

3.

Defendant **GOL** is liable unto Complainant in the full and true sum in an amount as is reasonable under the premises, plus all legal interest and the cost of these proceedings, from the date of judicial demand, for the following reasons, to-wit:

4.

On or about October 21, 2018, Complainant, **DUSTIN BECKER**, was employed by and working for Defendant **GOL** as a relief engineer aboard the **GOL** vessel *M/V BRIANA MARIE*.

5.

At the time of the accident in question, Complainant was a member of the crew permanently assigned to the vessel *M/V BRIANA MARIE* as a Jones Act seaman.

6.

Upon information and belief, the vessel at issue was owned, operated by and/or under the direct operational control of Defendant **GOL**, and was involved in ongoing vessel operations occurring on the navigable waters off the coast of the State of Louisiana, within the Eastern District of Louisiana, as well as throughout the Gulf of Mexico.

7.

The accident and injuries in question occurred when Complainant sustained a puncture-type injury to his right eye while performing his duties within the course and scope of his employment as a seaman with **GOL**.

8.

On or about the date in question, Complainant was engaged in and performing work and facing hazards normally encountered by traditional seaman, and other crewmembers of the vessel and, as such, was entitled to a safe and seaworthy vessel.

9.

Defendant **GOL** was or should have been aware that the vessel condition(s) that caused Complainant's injury constituted an unsafe and unseaworthy condition.

10.

Due to the unseaworthiness of the vessel at issue and/or the operational negligence of Defendant **GOL**, as well as the vessel's master, captain and crew, Complainant, **DUSTIN BECKER**, suffered injuries resulting in significant vision impairment to his right eye which has required and will require ongoing and/or future treatment, perhaps including surgical intervention, and which vision impairment is and will be permanent in nature.

11.

Following the accident/incident at issue, Complainant, **DUSTIN BECKER**, reported the accident/incident to his supervisor and employer.

12.

The vessel to which Complainant was assigned is a "traditional maritime vessel" as that term is defined within Admiralty and General Maritime Law by the Federal Fifth Circuit Court of Appeals and U.S. Supreme Court.

13.

Complainant, **DUSTIN BECKER**, was injured as a result of the operational negligence of Defendant **GOL**, as well as the captain, master and/or crew of the vessel at issue, and/or the unseaworthiness of the vessel at issue, insofar as the vessel contained a dangerous and unseaworthy condition and/or was unsafe on or about October 21, 2018. Said negligence and/or unworthiness directly and proximately caused the accident/incident at issue and Complainant's resulting injuries.

14.

Complainant, **DUSTIN BECKER**, was injured through the vessel's unseaworthiness

and/or negligence and/or fault on the part of Defendant **GOL**, their principals, agents, crew, servants, employees, and those for whom they were responsible for at the time of the accident described hereinabove in the following non-exclusive manners:

A. Failure to provide Complainant with a reasonably safe place to work;

B. Failure to provide Complainant with a seaworthy vessel;

C. Operational negligence on the part of the captain and/or master and crew of the vessel at issue;

D. Failing to properly crew the vessel and/or provide necessary mechanical assistance, the lack of which rendered the vessel unseaworthy, dangerous and unsafe which led to the accident and injuries in question;

E. Negligently allowing existence of a dangerous and defective condition to remain on the vessel at issue;

F. Negligently failing to provide proper equipment and crew on the vessel;

G. Negligently failing to properly train and/or warn Complainant and other crewmembers of the hazard(s) at issue;

H. Negligently failing to maintain the area in question in a reasonably safe and seaworthy condition;

I. Negligently failing to do what they should have done or see what they should have seen in order to avoid the accident at issue;

J. Negligently requiring Complainant to perform duties for which he was not qualified, responsible or trained; and

K. Any and all other acts of negligence which will be proven at the trial of this matter.

15.

As a result of the accident/incident described herein, Complainant, **DUSTIN BECKER**, sustained injuries to right eye resulting in significant and permanent vision impairment.

16.

Defendant **GOL** as the owner and/or operator of the vessel at issue, violated its non-delegable duty to provide Complainant with a seaworthy vessel and/or safe place to work as required by the Admiralty and General Maritime Law.

17.

Complainant, **DUSTIN BECKER**, would show that on the above mentioned date, he was injured while in the service of the vessel.

18.

As a result, Defendant **GOL** had and continues to have a non-delegable duty to provide Complainant with benefits in the form of maintenance and cure.  Complainant would show that he has not reached maximum medical improvement and that Defendant **GOL**'s duty in this regard continues.

19.

Complainant would show that he has provided Defendant **GOL** copies of all medical reports and expenses incurred in connection with both treatment undergone and recommended future treatment, together with written demand that Defendant **GOL** pay for and/or approve the referenced treatment, to no avail.

20.

Although recognizing its maintenance and cure obligation, Defendant **GOL** has refused to pay cure benefits with respect to medical expenses resulting from Complainant's injury, or a reasonable daily maintenance rate.  Complainant will show that Defendant **GOL**'s failure to provide adequate maintenance and cure benefits is not only unreasonable, but arbitrary,

capricious, willful, callous, and persistent, and as a result Complainant is entitled to an award of damages caused by Defendant **GOL**'s bad faith refusal to pay reasonable benefits, including but not limited to attorney's fees and punitive damages for which he now sues, in addition to all other relief sought.

21.

Complainant, **DUSTIN BECKER**, as a result of the accident/incident in question, sustained serious and permanent injuries resulting in losses, which include but are not limited to, the following, to wit:

    A.    Past medical expenses;

    B.    Future medical expenses;

    C.    Past lost wages;

    D.    Future loss of earning capacity;

    E.    Past and future pain and suffering;

    F.    Past and future mental and emotional anguish; and

    G.    Past and future loss of enjoyment of life.

22.

Complainant, **DUSTIN BECKER**, asserts his right to a bench trial pursuant to Federal Rule of Civil Procedure 9(h), as his claims arise under the Jones Act and/or the Admiralty and General Maritime Law of the United States.

**WHEREFORE**, Complainant, **DUSTIN BECKER**, prays for judgment in his favor, over and against Defendant, **GULF OFFSHORE LOGISTICS, L.L.C.**, for monetary damages, both general and special, in the full and true sum in amounts as are reasonable under the

premises, to be proven at the trial of this matter, plus recoverable bad faith punitive damages, the costs of these proceedings and all permissible legal interest, and for all other equitable and just relief as the law may allow.

Respectfully submitted,

**/s/ Willard P. Schieffler**
**WILLARD P. SCHIEFFLER (#25862)**
**311 Patriot St.**
**Thibodaux, Louisiana 70301**
**(985) 447-0370; FAX (985) 493-7320**
**Email: will@schiefflerlaw.com**

**Attorneys for Complainant,**
**DUSTIN BECKER**